DUFRESNE, Judge.
Plaintiff, Clarence Pratt appeals requesting review of a judgment dismissing his lawsuit to annul the final decree of adoption of his minor daughter, Carol Ann Pratt.
The defendant, Cynthia (Pratt) McGinnis, the natural mother of Carol Ann, was divorced from the plaintiff on April 14, 1981, by judgment of the 24th Judicial District Court and awarded the sole permanent care, custody and control of the minor child. In 1982, the defendant’s present husband, Timothy McGinnis filed a petition for adoption based on the allegation that the plaintiff was in arrears in child support payments in the amount of $3,050.00 and that no support payments were made within one (1) year prior to the filing of the petition. On July 12, 1982, the juvenile court granted a final decree of adoption.
On September 19, 1986, more than four (4) years post-judgment, Clarence Pratt, the natural father of the minor, filed a petition to annul the judgment of adoption asserting that the adoptive decree was illegally obtained. The defendants, Timothy and Cynthia McGinnis responded by filing an exception of no cause of action.
This matter came before the juvenile court on November 24, 1986, and after a hearing the judge reasoned that plaintiff’s suit was without merit and dismissed his action to annul. From this judgment the plaintiff has appealed.
Plaintiff argues that he was denied due process of law in the adoption proceedings because he was not properly served. We disagree. LSA-R.S'. 9:425 requires that a copy of the petition for adoption shall be served as in civil proceedings on each living parent of the child. “Service on an absentee may be accomplished through an attorney at law appointed for that purpose who is expressly charged with the duty of exercising reasonable diligence to communicate with the absentee about the pendency and the nature of the proceeding.” In re Wildeboer, 406 So.2d 687 (La. 2nd Cir.1981).
We agree with the findings of fact and conclusion of law of the juvenile judge. The attorney who was appointed curator ad *846 hoc presented a note of evidence in the original adoption proceeding indicating that he had written to the petitioner, Clarence Pratt by certified mail which was introduced into evidence and that he had made no attempt to contact the curator. The trial judge in his reasons for judgment pointed out for the record here:
“When an attorney at law is appointed by the court to represent a defendant who is a non-resident and an absentee, the attorney shall use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding and at the time available for the filing of an answer or the assertion of a defense otherwise. This was done by the curator. No notice of a defense was transmitted to the curator. Article 5980 of the code of civil procedure states that the failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by or the violation by any person of the provisions of Article 5090 through 5096 shall not affect the validity of any proceeding, trial or the judgment seizure or judicial sale of any property in the action proceeding or in connection therewith.
Accordingly, the court finds that due notice was given to Mr. Pratt and he sat upon his rights at the time he got due notice from the curator and did nothing else. He did not even contact the curator in connection with these proceedings. And further, the court notes that there’s been no attempt, at all, since August the 27th, 1980 by Mr. Pratt to do anything for his child. He appeared in open court; had notice that he was supposed to pay fifty dollars a week for the support of his child. Did nothing towards this support.”
The petitioner has urged here that the trial judge erred in failing to appoint counsel to assist him in these proceedings. We agree fully with the trial court that there is no provision for the appointment of counsel in a civil proceeding of this nature. The petitioner chose to proceed in proper person and the review of the matter is based entirely on the previous record of this 'case, thus there was no need to appoint counsel here.
We have reviewed the record and find it void of judicial error. In this case, the juvenile judge determined that the defendant’s rights were not violated, and his oral reasons for judgment reflect a careful weighing of considerations between the natural father’s biological (parental) and legal rights with the legal parameters involved in the previous adoptive proceeding. The juvenile judge indicated his awareness of the surrounding facts and corresponding law.
He further concluded that the plaintiff was derelict in his parental prerogative and “sat on his rights since the date that he received the certified letter on June 17, 1982.” We agree. According to the record, the plaintiff had actual knowledge of the adoption proceeding and is guilty of conscious non-compliance of a legal proceeding. He cannot come into court now and plead ignorance and expect to upset this adoption. We further agree with the trial judge that plaintiff is not in good faith when seeking to annul an adoption when the record reflects actual notice at all times and made no attempt to support his daughter.
For the above assigned reasons here, and by the court below, judgment is affirmed.
AFFIRMED.